# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERGIO ROSA, | ) |
| | ) |
| Plaintiff | ) |
| | ) COMPLAINT |
| v. | ) C.A. No. 17-11079 |
| | ) |
| NATIONAL GRID USA SERVICE | ) |
| COMPANY, INC. AND | ) |
| ASSOCIATED CREDIT SERVICES, INC | ) |
| | ) |
| Defendants | ) |

## Introduction

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought by the plaintiff, Sergio Rosa (hereinafter referred to as "Mr. Rosa") against Defendants National Grid USA Service Company, Inc. ("National Grid") and Associated Credit Services, Inc. ("Associated") for violation of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. §524, the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), M.G.L. c. 93A and the Attorney General's debt collection regulations, 940 CMR 7.00.

## Parties

2. Plaintiff, Sergio Rosa ("Mr. Rosa"), is an individual who resides in Massachusetts.

3. Defendant, Associated Credit Services Inc. is a collection agency and a debt collector as defined by the FDCPA with a principal place of business in Massachusetts.

4. Defendant National Grid is a utility doing business in Massachusetts.

## Jurisdiction And Venue

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C §§1331 and 1367, and 15 U.S.C. §1692k(d) and supplemental jurisdiction pursuant to 28 U.S.C. §1367. Venue in this District is proper pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to Mr. Rosa's claims occurred here.

## Facts

6. On April 1, 2014 Mr. Rosa and his wife filed a Chapter 7 bankruptcy in the District of Massachusetts, Case No. 14-11486.

7. Included as a scheduled claim was a $302.00 debt to National Grid, Acct. # xxxxxx2974.

8. Both National Grid and Associated, as its debt collector, were given notice of the bankruptcy filing.

9. On July 3, 2014 Mr. Rosa and his wife received their bankruptcy discharge and notice was sent to National Grid and Associated.

10. The National Grid debt was discharged.

11. Despite the discharge National Grid and Associated continued trying to collect.

12. National Grid sent this non-existent debt out for collection in May 2016, almost two years after it was discharged.

13. Between May and September 2016 Associated sent Mr. Rosa at least two collection letters.

14. The address on the collection letters, Mr. Rosa's name, the alleged balance and the account number all matched the information included in his bankruptcy filings.

15. Mr. Rosa also received at least one collection call from Associated Credit in May 2016. Mr. Rosa told the caller that the debt was discharged in bankruptcy.

16. The contacts by Associated were very upsetting for Mr. Rosa because he thought this debt had been discharged in his bankruptcy.

17. In May 2016, Associated began reporting the discharged debt as having a past due balance of $303 on a monthly basis to one or more credit reporting agencies wreaking havoc on Mr. Rosa's credit.

18. This reporting was inaccurate.

19. Mr. Rosa's November 8, 2016 Experian report has a tradeline for Associated inaccurately stating that the National Grid account with a past due balance of $303 was referred for collection in May 2016. The tradeline includes no mention of the bankruptcy discharge.

20. Mr. Rosa's July 18, 2016 Trans Union report has a tradeline for Associated opened in May 2016 but does note that the account was included in bankruptcy proving that Associated was aware of the discharge.

21. In November 2016 Mr. Rosa applied for a credit card at Metro Credit Union to use to take his two young daughters on a winter vacation to Florida. The credit

union pulled his Experian report and denied the credit at least substantially because the Associated tradeline made it look as if he had a post-bankruptcy delinquency and collection which was not true. Because of this he was unable to fly to Florida and was forced to drive so as not to disappoint his daughters.

22. On January 4, 2017 Mr. Rosa made a demand upon National Grid and Associated pursuant to M.G.L. c. 93A, §9.

23. National Grid contacted Mr. Rosa's counsel via email and telephone but refused or failed to make any reasonable offer of settlement in response to the c. 93A letter.

24. Associated contacted Mr. Rosa's counsel via email but refused or failed to make any offer of settlement in response to the c. 93A letter.

25. As set forth above, National Grid furnished inaccurate information relating to Mr. Rosa's discharged account to Associated.

26. As set forth above, Associated furnished inaccurate information relating to Mr. Rosa's discharged account to one or more consumer reporting agencies.

27. Associated has alleged that it stopped reporting the inaccurate information to credit reporting agencies in or after January 2017 after receiving Mr. Rosa's c. 93A demand but Mr. Rosa had already been denied credit and suffered other damages.

28. Mr. Rosa has suffered damages as a result of defendants' conduct including but not limited to, denial of credit, the loss of the benefit of his fresh start after bankruptcy, damage to his creditworthiness and credit score, loss of time spent driving to Florida, emotional distress and costs and attorney's fees expended in enforcing his claims.

29. Upon information and belief, National Grid has inadequate policies and procedures in place to process debts that are discharged through bankruptcy.

30. Upon information and belief, Associated has inadequate policies and procedures in place to process debts that are discharged through bankruptcy.

## COUNT I: VIOLATION OF THE
## BANKRUPTCY DISCHARGE INJUNCTION, 11 U.S.C. §524
### (All Parties)

31. The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out herein.

32. Defendant National Grid's conduct violated the Bankruptcy Discharge Injunction, 11 U.S.C. §524, enforced pursuant to 11 U.S.C. §105, despite having actual knowledge of the discharge.

33. Defendant Associated's conduct violated the Bankruptcy Discharge Injunction, 11 U.S.C. §524, enforced pursuant to 11 U.S.C. §105, despite having actual knowledge of the discharge and having been reminded of the discharge by Plaintiff.

34. National Grid and Associated were included on the creditor matrix and had actual knowledge of the Plaintiff's bankruptcy filings and discharge.

35. Defendant National Grid's conduct in violation of 11 U.S.C. §524 includes, but is not limited to, failing to discharge Mr. Rosa's debt, sending that debt out for collection two years after it was discharged and communicating to its agent, Associated, that the debt was still owing resulting in collection activity and false credit reporting in violation of the Bankruptcy Court's orders. Defendant National Grid's conduct toward Plaintiff was unfair, coercive, harassing, willful, and knowing.

36.     Defendant Associated's conduct in violation of 11 U.S.C. §524 includes, but is not limited to, seeking to collect a discharged debt by letters and phone call, and intentionally reporting to one or more credit reporting agencies amounts that had been discharged in Plaintiff's bankruptcy in violation of the Bankruptcy Court's orders. Defendant Associated's conduct toward Plaintiff was unfair, coercive, harassing, willful, and knowing.

37.     As a result of the conduct and actions of Defendants, Plaintiff has suffered actual damages including, without limitation, denial of credit, the loss of the benefit of his fresh start after bankruptcy, damage to his creditworthiness and credit score, loss of time spent driving to Florida, emotional distress and costs and attorney's fees expended in enforcing his claims.

38.     Defendant National Grid's actions demonstrate willful and intentional violation of 11 U.S.C. §524.

39.     Defendant Associated's actions demonstrate willful and intentional violation of 11 U.S.C. §524.

40.     Plaintiff is entitled to recover from Defendants actual and compensatory damages, including costs and attorneys' fees, and punitive damages in this matter pursuant to 11 U.S.C. §§ 524 and 105, and such other and further relief as this Court deems just and proper.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, et seq.
**(Associated)**

41.     Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

42. Associated is a debt collector pursuant to 15 U.S.C. §1692a.

43. The alleged debt at issue is a consumer debt pursuant to 15 U.S.C. §1692a.

44. As detailed above, Associated has violated 15 U.S.C. §1692e by using false, deceptive, or misleading means to collect a debt.

45. As detailed above, Associated has violated 15 U.S.C. §1692e(2) by making false representations of the character, amount or legal status of a debt.

46. As detailed above, Associated has violated 15 U.S.C. §1692e(8) by communicating false credit information to the credit reporting agencies.

47. As detailed above, Associated has violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect a debt including seeking the collection of an amount not expressly permitted by law in violation of §1692f(1).

48. As a result of the above violations of the FDCPA, Plaintiff is entitled to recover from Defendant Associated his actual damages, statutory damages, costs and attorney's fees.

### COUNT III: VIOLATION OF M.G.L. c. 93A
### (All Parties)

49. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

50. National Grid and Associated sought to collect a discharged debt from Mr. Rosa despite having notice of the discharge.

51. As detailed above, Defendants have violated M.G.L. c. 93A, §2 and the Attorney General's regulations promulgated thereunder (940 C.M.R. 3.01 et seq.).

52. National Grid violated M.G.L. c. 93, §49 by attempting to collect a debt incurred by the plaintiff primarily for personal, family or household purposes in an unfair, deceptive or unreasonable manner. Violation of this statute violates M.G.L. c. 93A.

53. National Grid has also violated 940 CMR 7.07(2) which prohibits a creditor from making false or misleading representations as to the character, extent or amount of any debt and 940 C.M.R. 7.07(11) which prohibits communicating or threatening to communicate to any person information which is known or which should be known to be false. A violation of these regulations also violates M.G.L., c. 93A. See 940 CMR 3.16.

54. Associated violated the FDCPA which is a per se violation of M.G.L. c. 93A.

55. The conduct of Defendants was willful or knowing within the meaning of M.G.L. c. 93A, §9.

56. Mr. Rosa has suffered damages as a result of Defendants' conduct including but not limited to denial of credit, the loss of the benefit of his fresh start after bankruptcy, damage to his creditworthiness and credit score, loss of time spent driving to Florida, emotional distress and costs and attorney's fees expended in enforcing his claims.

57. The Defendants' refusal to grant relief upon demand was in bad faith, with knowledge or reason to know that the acts or practices complained of violated c. 93A, §2.

58.   As a result of the above violations of state law, Defendants are each liable to Mr. Rosa in the sum of his actual damages, doubled or trebled, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant Associated in the amount of:

    (a)  actual and compensatory damages, including costs and attorneys' fees, and punitive damages pursuant to 11 U.S.C. §§ 524 and 105;

    (b) actual damages, doubled or trebled pursuant to M.G.L. c. 93A;

    (c) actual damages pursuant to 15 U.S.C. §1692k;

    (d) statutory damages pursuant to 15 U.S.C. §1692k;

    (e) statutory damages pursuant to M.G.L. c. 93A, §9;

    (f) costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and M.G.L. c. 93A, §9; and

    (g) for such other and further relief as may be just and proper.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant National Grid in the amount of:

    (a)  actual and compensatory damages, including costs and attorneys' fees, and punitive damages pursuant to 11 U.S.C. §§ 524 and 105;

    (b) actual damages, doubled or trebled pursuant to M.G.L. c. 93A;

    (c) statutory damages pursuant to M.G.L. c. 93A, §9;

    (d) costs and reasonable attorney's fees pursuant to M.G.L. c. 93A, §9; and

    (e) for such other and further relief as may be just and proper.

## Jury Demand

Plaintiff demands trial by jury.

                                        Respectfully submitted,
                                        **Sergio Rosa**
                                        By his attorney:

                                        /s/ Elizabeth A. Miller
                                        Elizabeth A. Miller
                                        Attorney at Law
                                        BBO #559347
                                        99 High Street, Suite 304
                                        Boston, MA 02110
                                        Telephone: (617) 478-4914
                                        elizabethamiller@comcast.net


Date:  June 12, 2017